**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JEFFREY CHRISTIAN PEARSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 11-2642-KHV** |
| MICHAEL J. ASTRUE, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| **Defendant.** ) | |
| ─────────────────────────────── ) | |

**MEMORANDUM AND ORDER**

Plaintiff appeals the final decision of the Commissioner of Social Security to deny disability

insurance benefits under Title II and supplemental security income benefits under Title XVI of the

Social Security Act, 42 U.S.C. § 401, et seq.  For the reasons stated below, the Court reverses the

Commissioner's decision and remands the case for further proceedings consistent with this order.

**Procedural Background**

On October 2, 2009, plaintiff filed applications for disability insurance benefits under Title

II and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C.

§ 401, et seq., alleging disability as of September 24, 2008.  The Commissioner denied plaintiff's

claims initially and on reconsideration.  On July 28, 2010, an administrative law judge ("ALJ") held

a hearing on plaintiff's claims.  On August 27, 2010, he denied the claims.  The Appeals Council

denied plaintiff's request for review of the ALJ decision, which therefore stands as the final decision

of the Commissioner.  See 42 U.S.C. §§ 405(g), 1383(c)(3); see also Tr. 1.  On November 22, 2011,

plaintiff appealed to this Court the final decision of the Commissioner.

**Facts**

Plaintiff has a high school education and claims that he became disabled when he was

45 years old.  He alleges that beginning on September 24, 2008, he became unable to work because of advanced degenerative back disease, learning disability, ruptured disc, nervous problems, anxiety disorders, knee problems and attention disorder.  Plaintiff previously worked as a general laborer in the construction industry.

The ALJ held a hearing on July 28, 2010.  In his order, dated August 27, 2010, the ALJ concluded as follows:

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2.    The claimant has not engaged in substantial gainful activity since September 24, 2008, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3.    The claimant has the following severe impairments: degenerative disc disease, disorder of the knee, affective disorder, anxiety disorder and learning disability (20 CFR 404.1520(c) and 416.920(c)).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except being limited to reading at no more than a third grade level. He can occasionally bend and navigate stairs. He cannot crawl, kneel, squat, crouch, lift from floor level, climb ropes or scaffolds, reach repetitively or use foot controls with the left leg. He needs to work on a smooth, level surface and would need a sit/stand option of sitting for an hour and standing fifteen minutes throughout an eight hour workday. He cannot work at unprotected heights or around dangerous moving machinery.

6.    The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7.    The claimant was born on May 20, 1963 and was 45 years old, which is defined as a younger individual age 45-49, on the alleged disability onset

-2-

date (20 CFR 404.1563 and 416.963).

8.      The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.     The claimant has not been under a disability, as defined in the Social Security Act, from September 24, 2008, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 19-27.

The Appeals Council denied plaintiff's request for review, stating in part as follows:

In looking at your case, we considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council.

We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

We also looked at an MRI dated December 13, 2010. The Administrative Law Judge decided your case through August 27, 2010. This new information is about a later time and is included in the electronic record relating to your subsequent application currently pending in the hearing office.

Tr. 1-2. The Appeals Council did not make the MRI of December 13, 2010 a part of the record. See

Tr. 5 (making two attorney briefs part of record, but not MRI).

## **Standard Of Review**

The Court reviews the Commissioner's decision to determine whether it is "free from legal

error and supported by substantial evidence." Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009);

see 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Wall, 561 F.3d at 1052; Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).  It requires "more than a scintilla, but less than a preponderance." Wall, 561 F.3d at 1052; Lax, 489 F.3d at 1084.  Whether the Commissioner's decision is supported by substantial evidence is based on the record taken as a whole. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).  Evidence is not substantial if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1261-62 (10th Cir. 2005).

To determine if the decision is supported by substantial evidence, the Court will not reweigh the evidence or retry the case, but will meticulously examine the record as a whole, including anything that may undercut or detract from the Commissioner's findings. Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007).  The Court therefore cannot consider evidence that the Commissioner should have considered, but did not. See Chambers v. Barnhart, 389 F.3d 1139, 1143 (10th Cir. 2004).  The Commissioner "has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is 'contrary to the weight of the evidence currently of record.'" Id. (quoting 20 C.F.R. §§ 404.970(b), 416.1470(b)).

### Analysis

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least 12 months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also

Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)).  Claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education and work experience, engage in other substantial gainful work existing in the national economy.   42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  In the first three steps, the Commissioner determines (1) whether claimant has engaged in substantial gainful activity since the alleged onset, (2) whether he has a severe impairment(s) and (3) whether the severity of any impairment meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  20 C.F.R. §§ 404.1520, 416.920; Williams, 844 F.2d at 750-51.  If claimant satisfies steps one, two and three, he will automatically be found disabled; if claimant satisfies steps one and two but not three, he must satisfy step four.

After evaluating step three, the Commissioner assesses claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at steps four and five of the sequential evaluation process. Id.  In step four, the Commissioner determines whether, based on claimant's RFC, he can perform past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); see Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four, claimant bears the burden of showing that he had one or more severe impairments that made him unable to perform past relevant work.  See Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001).  At step five, the burden shifts to the Commissioner to show that based on claimant's RFC,

age, education and work experience, he can perform other work.  See 20 C.F.R. §§ 404.1520(a)(5), 416.920(a)(5).  Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir.1999).

**I.      MRI Of December 13, 2010**

Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), plaintiff argues that the Commissioner erred by not considering the MRI of December 13, 2010, which plaintiff submitted to the Appeals Council with his appeal.  Sections 404.970(b) and 416.1470(b) require the Appeals Council to consider evidence submitted with a request for review if the additional evidence is (1) new, (2) material and (3) related to the period on or before the date of the ALJ decision.  Chambers, 389 F.3d at 1142.  Where the Appeals Council accepts new evidence and makes it part of the administrative record, the Court considers it "an implicit determination [plaintiff] had submitted qualifying new evidence for consideration."  Martinez v. Barnhart, 444 F.3d 1201, 1207 (10th Cir. 2006).  In that case, a court will consider such evidence in reviewing the Commissioner's decision.  O'Dell v. Shalala, 44 F.3d 844, 859 (10th Cir. 1994).  If the Appeals Council fails to consider qualifying new evidence, the Court should remand the case for further proceedings.  Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003); Chambers, 389 F.3d at 1142.  If the Appeals Council does not consider the evidence, however, and it "does not qualify, it plays no further role in judicial review of the Commissioner's decision."  Chambers, 389 F.3d at 1142.  Whether the MRI of December 13, 2010 qualifies as new, material and chronologically relevant is a question of law which is subject to de novo review.  Threet, 353 F.3d at 1191; Chambers, 389 F.3d at 1142.

Here, the Commissioner argues that "the text of the Appeals Council's decision made it clear that it considered this new evidence and found that the newly submitted evidence did not provide a basis for changing the ALJ's decision and that the record as a whole, including the newly

-6-

submitted evidence, supported the ALJ's decision." Brief Of The Commissioner (Doc. #10) filed

August 30, 2012 at 12.  The Court disagrees.  The Appeals Council clearly did not consider the MRI.

See Tr. 1-2.  It "looked at" the MRI, but found that "[t]his new information is about a later time and

is included in the electronic record relating to [plaintiff's] subsequent application currently pending

in the hearing office."  Tr. 2.  A plain reading of this statement indicates that the Appeals Council

did not consider the MRI.  But even if the Appeals Council's statement is arguably ambiguous, the

fact that it did not make the MRI part of the administrative record (as it did with two attorney briefs)

is clear evidence that the Appeals Council did not consider the MRI.  See Tr. 5.  Therefore the MRI

is not part of the administrative record.  See Chambers, 389 F.3d at 1142; Burch v. Astrue, No. 06-

4059-SAC, 2007 WL 1054280, at *7 (D. Kan. April 4, 2007).

Plaintiff contends that the Appeals Council should have considered the MRI because it was

new, material and chronologically relevant.  As noted, the Commissioner argues that the Appeals

Council did consider the MRI and that the Court should do likewise.  See Brief Of The

Commissioner (Doc. #10) at 12.  This argument implies that the evidence is new, material and

chronologically relevant. See Martinez, 444 F.3d at 1207 (inclusion in record of new evidence

implies finding that it is new, material and chronologically relevant); Chambers, 389 F.3d at 1142

(evidence plays no further role in proceedings if Appeals Council finds it is not new, material and

chronologically relevant).  Because the Court finds error in other aspects of the decision, however,

the Court need not resolve this issue.

## II.     Consideration Of Mental Limitations In RFC Determination

At step two, the ALJ found that plaintiff had the following severe impairments: degenerative

disc disease, a knee disorder, affective disorder, anxiety disorder and learning disability.  R. 19.  The

ALJ then found that, except for being limited to reading at no more than a third grade level, plaintiff

had the RFC to perform sedentary work.  R. 21.[1]  In addition, the ALJ found that plaintiff required

the following additional restrictions: he could occasionally bend and navigate stairs but could not

crawl, kneel, squat, crouch, lift from floor level, climb ropes or scaffolds, reach repetitively or use

foot controls with the left leg; plaintiff would need to work on a smooth, level surface; plaintiff

would need a sit-stand option of sitting for an hour and standing 15 minutes throughout an eight hour

workday; and plaintiff could not work at unprotected heights or around dangerous moving

machinery.  R. 21.

        In determining plaintiff's RFC, the ALJ found that the state agency consultant opinions were

consistent with the material medical evidence in the file.  Tr. 25.  Yet the findings of  the reviewing

state agency psychologist, S. Douglas Witt, Ph.D., see Tr. 426-43, are at odds with the findings of

Todd Schemmel, Ph.D., on which the ALJ primarily relied in determining plaintiff's RFC, see

Tr. 419-24.  For example, Dr. Witt found that plaintiff had moderate limitations with respect to

maintaining social functioning, maintaining concentration, persistence or pace. Tr. 436 (Psychiatric

Review Technique ("PRT") by Dr. Witt); see also Tr. 440-41 (Mental RFC Assessment by Dr. Witt).

At the hearing, in response to questions from the ALJ, the vocational expert ("VE") testified that if

the ALJ accepted Dr. Witt's PRT, plaintiff would be unemployable, even though Dr. Witt's mental

---

[1]        Sedentary work is defined as follows:

    Sedentary work involves lifting no more than 10 pounds at a time and occasionally
    lifting or carrying articles like docket files, ledgers, and small tools.  Although a
    sedentary job is defined as one which involves sitting, a certain amount of walking
    and standing is often necessary in carrying out job duties.  Jobs are sedentary if
    walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a).

RFC indicated that plaintiff could still perform the two jobs which the VE identified. See Tr. 71-74.

Although ALJs are not bound by findings made by state agency or other program physicians, they must treat any such findings as expert opinion evidence of nonexamining sources. See SSR 96-6p, 1996 WL 374180, at *1-2; see also 20 C.F.R. §§ 404.1527(e), 416.927(e); McAnally v. Astrue, 241 Fed. Appx. 515, 519 (10th Cir. 2007). ALJs may not ignore these opinions, and must explain the weight given to them. See SSR 96-6p, 1996 WL 374180, at *1-2; 20 C.F.R. §§ 404.1527(e), 416.927(e); see also SSR 96-8p, 1996 WL 374184, at *7 (RFC assessment must always consider and address medical source opinions; if RFC assessment conflicts with medical opinion, ALJ must explain why he did not adopt opinion); McAnally, 241 Fed. Appx. at 519. Here, the ALJ gave "some, but not controlling, weight" to Dr. Witt's opinions. In doing so, he did not address Dr. Witt's opinion that plaintiff had a more restricted RFC than the ALJ found, which could make plaintiff unemployable. See Tr. 71-72.

As noted above, the Court reviews the ALJ decision to determine whether it is supported by substantial evidence. Wall, 561 F.3d at 1052. In the absence of ALJ findings supported by specific weighing of evidence, the Court cannot assess whether relevant evidence adequately supports the ALJ conclusion regarding plaintiff's RFC. See Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). Although the ALJ is not required to discuss every piece of evidence, he must discuss not only the evidence that supports his decision but also the uncontroverted evidence that he chooses not to rely upon and significantly probative evidence that he rejects. Id.; see also SSR 96-8p, 1996 WL 374184, at *7. By giving some weight to Dr. Witt's opinions without addressing the portions of the opinions that are inconsistent with his decision, the ALJ committed reversible error. For these reasons the Court is unable to determine whether his RFC determination is supported by substantial

evidence.  See Clifton, 79 F.3d at 1009; SSR 96-8p, 1996 WL 374184, at *7.

As discussed below, even if the ALJ's RFC determination was supported by substantial evidence, the ALJ erred by not investigating and eliciting a reasonable explanation for any conflict between the Dictionary of Occupational Titles ("DOT") and VE testimony.  Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999); SSR 00-4p, 2000 WL 1898704, at *2.

### III.    Existence Of Alternative Work

Plaintiff argues that the Commissioner has not satisfied his burden of establishing the existence of alternative work that plaintiff could perform despite his impairments and resulting limitations.  The Court agrees.  Even if the ALJ decision was supported by substantial evidence in all other respects, the Commissioner has not shown that notwithstanding plaintiff's impairments, he could perform the two jobs that the VE identified – surveillance system monitor and semiconductor assembler.

At step five of the sequential evaluation, the Commissioner bears the burden of showing that based on plaintiff's RFC, age, education and work experience, he can perform other work.  See Haddock, 196 F.3d at 1088; 20 C.F.R. §§ 404.1520(a)(5), 416.920(a)(5); SSR 00-4p, 2000 WL 1898704, at *2.  This means that before an ALJ may rely on VE testimony as substantial evidence to support a determination of nondisability, he must investigate and elicit a reasonable explanation for any conflict between the DOT and the testimony.  Haddock, 196 F.3d at 1091; SSR 00-4p, 2000 WL 1898704, at *2.  This does not mean that the DOT trumps VE testimony, but simply that the ALJ has a duty to elicit a reasonable explanation for conflicts between the two.  Haddock, 196 F.3d at 1091.

The VE testified that an individual with plaintiff's RFC would be able to perform the

requirements of a surveillance system monitor and semiconductor assembler, and that her opinion did not in any way conflict with the DOT. Tr. 74. But the ALJ found that the her testimony was inconsistent with the DOT. Tr. 26. Though he did not specify whether the VE testimony was inconsistent with the DOT with respect to one or both of the positions, the Court declines to speculate as to what the ALJ meant. Without explaining the inconsistency, the ALJ noted that the deviation was based on the VE's personal experience in placing individuals with similar limitations in jobs. Tr. 26. The VE, however, did not so testify. She simply stated that given plaintiff's RFC, he could perform the surveillance system monitor and semiconductor assembler jobs. Tr. 73-74. She also testified that her opinion did not conflict with the DOT. Tr. 74.

Because the ALJ nevertheless found that the VE's opinion did deviate from the DOT, Tr. 26, he had an obligation to investigate and elicit a reasonable explanation for any conflict between the DOT and VE testimony. See Haddock, 196 F.3d at 1091; SSR 00-4p, 2000 WL 1898704, at *2. The ALJ's failure to do so is error requiring remand. See Haddock, 196 F.3d at 1091; Babineau v. Astrue, No. 09-1363-JWL, 2010 WL 4568985, at *9-11 (D. Kan. Nov. 3, 2010); SSR 00-4p, 2000 WL 1898704, at *2.

Citing Rogers v. Astrue, 312 Fed. Appx. 138, 141-42 (10th Cir. 2009), the Commissioner argues that an ALJ may rely on VE testimony at steps four and five because "[t]he whole point of vocational testimony is to go beyond facts already established through publications eligible for judicial or administrative notice and provide an alternative avenue of proof." Brief Of The Commissioner (Doc. #10) filed August 30, 2012 (quoting Rogers, 2009 WL 368386, at *4). In Rogers, however, the VE testified that based on his experience the job of hand packager could be performed at a sedentary level even though the DOT indicated that it normally required medium

exertion. 312 Fed. Appx. at 142. This type of explanation, which the VE did not offer in this case, satisfies Haddock. 196 F.3d at 1091-92 (valid explanation that specified number or percentage of particular job is performed at lower RFC than DOT shows). Moreover, Rogers relied on Gay v. Sullivan, 986 F.2d 1336, 1340 (10th Cir. 1993), for the proposition that ALJs can rely on VE testimony to go beyond the DOT and other publications. Rogers, 312 Fed. Appx. at 142. Gay, however, simply holds that a VE is not limited to the sources named in 42 U.S.C. § 1566(d), but can reach beyond matters already established through administrative or judicial notice. 986 F.2d at 1340; see also Haddock, 196 F.3d at 1091 n.2 (interpreting Gay). Neither Rogers nor Gay relieves the ALJ of the burden to investigate and elicit a reasonable explanation for the inconsistencies between VE testimony and the DOT. Haddock, 196 F.3d at 1091-92; Babineau, 2010 WL 4568985, at *9-11.

Having found reversible error, the Court need not address plaintiff's remaining arguments.

**IT IS THEREFORE ORDERED** that the Commissioner's decision be **REVERSED** and that judgment be entered under the fourth sentence of 42 U.S.C. § 405(g) **REMANDING** the case for further proceedings in accordance with this Memorandum And Order.

Dated this 30th day of October, 2012 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge